OPINION
Defendant-appellant Leon Rush ("appellant") appeals from the trial court's determination that he was a "sexual predator" pursuant to R.C. Chapter 2950. Finding appellant's appeal to lack merit, the judgment of the trial court is affirmed.
 I.
On February 12, 1981, appellant was issued a nine-count indictment charging him with aggravated robbery, kidnapping, four counts of rape, two counts of gross sexual imposition, and possession of criminal tools. On February 19, 1981, appellant pleaded not guilty to the charges set forth in the indictment.
On July 24, 1981, appellant retracted his former plea of not guilty and pleaded guilty to aggravated robbery as charged in the first count of the indictment and pleaded guilty to two counts of rape. The remaining counts of the indictment were nolled. On September 18, 1981, appellant was sentenced to consecutive prison terms of four to twenty-five years for each count of his conviction.
On June 11, 1997, the trial court conducted a sexual predator determination hearing. In a journal entry filed on June 20, 1997, appellant was adjudicated to be a sexual predator. Therefrom, appellant filed the instant appeal.
 II.
In his first, second, and fourth through tenth assignments of error, appellant raises the following constitutional challenges to R.C. Chapter 2950:
 I. H.B. 180, AS APPLIED TO THE APPELLANT, VIOLATES ART. I, SEC. 10, OF THE UNITED STATES CONSTITUTION AS EX POST FACTO LEGISLATION, AND VIOLATES ART. II, SEC. 28, OF THE OHIO CONSTITUTION AS RETROACTIVE LEGISLATION.
 II. THE SEXUAL PREDATOR HEARING IN THE CASE AT BAR VIOLATED THE APPELLANT'S DUE PROCESS RIGHTS, GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTION[S], WHEN THE HEARING FAILED TO COMPORT WITH THE MANDATES OF "RIGHT TO CROSS-EXAMINE" THE EVIDENCE AGAINST APPELLANT.
 IV. APPLICATION OF H.B. 180 IN THE CASE AT BAR VIOLATES [THE] EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
 V. APPLICATION OF THE "CLEAR AND CONVINCING EVIDENCE" STANDARD IN APPELLANTS H.B. 180 HEARING VIOLATES EQUAL PROTECTION, GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND DUE PROCESS, GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 VI. H.B. 180 IS VOID FOR VAGUENESS BECAUSE IT COMPELS A COURT TO MAKE A PREPONDERANCE DETERMINATION BASED UPON CLEAR AND CONVINCING EVIDENCE.
 VII. H.B. 180 IS AN UNCONSTITUTIONAL BILL OF ATTAINDER.
 VIII. H.B. 180, AS APPLIED TO APPELLANT, CONSTITUTED DOUBLE JEOPARDY, IN VIOLATION OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. 1, SEC. 10, OF THE OHIO CONSTITUTION.
 IX. THE PUBLIC NOTIFICATION PROVISIONS OF H.B. 180, AS APPLIED TO APPELLANT, VIOLATE APPELLANT'S CONSTITUTIONAL RIGHT TO PRIVACY.
 X. H.B. 180, WITH ITS LEGISLATED STIGMA OF PUBLIC NOTIFICATION, CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I, SEC. 9, OF THE OHIO CONSTITUTION.
This court has recently addressed and rejected identical challenges to the constitutionality of R.C. Chapter 2950 in State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported. Accordingly, appellant's first, second, and fourth through tenth assignments of error are summarily overruled.
 III. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT THE APPELLANT IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES.
In his third assignment of error, appellant asserts that the evidence presented at his hearing was insufficient to prove by clear and convincing evidence that he is a sexual predator.
R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Appellant's guilty pleas on two counts of rape qualify as sexually oriented offenses under R.C.2950.01(D). However, appellant claims that there was insufficient evidence presented at the hearing to determine by clear and convincing evidence that he "is likely to engage in the future in one or more sexually oriented offenses."
In making a determination as to whether an offender is a sexual predator, the trial judge must consider all relevant factors, including, but not limited to the factors listed in R.C.2950.09(B)(2):
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offenders conduct.
We note that R.C. 2950.09(B)(2) does not require that each factor be met, rather it simply requires the trial court consider those factors which are relevant. Accord State v. Tracy (May 20, 1998), Summit App. No. 18623, unreported.
The standard of "clear and convincing evidence" is the measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases. State v. Schiebel
(1990), 55 Ohio St.3d 71, 74. Clear and convincing evidence is the measure or degree of proof which produces in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. Id. In reviewing a trial court's decision based upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof. Id.
In the instant case, the trial court reviewed official documents related to appellant's underlying conviction for robbery and two counts of rape, including the presentence report and victim's statement. The victim's statement indicated that appellant raped her at gun point, and provided other abhorrent details of the underlying sexually oriented offense. The proffered evidence also indicated that appellant had at least three convictions, and that two of his convictions were for sexually oriented offenses.
Based on the evidence presented, the trial court did not err in adjudicating appellant a sexual predator. Clear and convincing evidence exists justifying the disposition that appellant was likely to engage in similar behavior in the future; therefore, appellant's third assignment of error is overruled.
 XI. APPELLANT'S GUILTY PLEA IN THE CASE AT BAR WAS NOT KNOWINGLY AND VOLUNTARILY ENTERED, IN VIOLATION OF CRIM.R. 11(C), WHERE APPELLANT WAS NOT INFORMED OF THE EFFECTS OF HIS PLEA.
As for his final assignment of error, appellant claims that his guilty plea was not knowingly, intelligently and voluntarily entered because he was not informed at the time that sexual predator registration would be an effect of his plea. This court address and rejected an identical challenge in State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported. Accordingly, appellant's eleventh assignment of error is summarily overruled.
The judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, J. and PATRICIA A. BLACKMON, J. CONCUR.
LEO M. SPELLACY, PRESIDING JUDGE